IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **VERNA IP HOLDINGS, LLC,** | |
| Plaintiff, | C.A. No. 6:21-cv-00422-ADA |
| v. | JURY TRIAL DEMANDED |
| **ALERT MEDIA, INC.,** | |
| Defendant. | |

**DEFENDANT ALERT MEDIA, INC.'S
OPPOSED MOTION TO STRIKE VERNA IP'S FIRST AMENDED COMPLAINT**

Alert Media moves to strike Verna IP's First Amended Complaint because it was untimely and procedurally deficient. Verna IP "cannot simply file documents and declare them to be amended complaints"; amending the complaint at this point required "the opposing party's written consent or the court's leave." *Prince-Rivers v. Fed. Express Ground*, 731 F. App'x 298, 300 (5th Cir. 2018) (quoting FED. R. CIV. P. 15(a)(2)). Verna IP had neither consent nor leave. Alert Media therefore requests the Court strike Verna IP's First Amended Complaint.[1]

**I.   PROCEDURAL HISTORY**

Plaintiff Verna IP Holdings, LLC filed this case on April 27, 2021. (Dkt. 1 ("Complaint").) Alert Media timely answered the Complaint, including counterclaims asserted against Verna IP, and filed a motion to dismiss on June 18 under Federal Rule of Civil Procedure 12(b)(6). (Dkts. 8 (the "Motion"), 10 ("Answer").) Verna IP did not file any response until queried by Alert Media's counsel, and by then Verna IP was too late. Specifically, Verna IP did not (1) file the Case

---

[1] This motion is presumed opposed because, although conference was attempted, such conference did not occur.

Readiness Status Report ("CRSR") in time (*see* Amd. Standing Order re CRSR (due 7 days after defendant's response to the pleadings)); (2) respond to the Motion in time (*see* Local Court Rule ("L.R.") CV-7(d)(2) (due 14 days after motion filed)); or (3) answer Alert Media's counterclaims in time (*see* FED. R. CIV. P. 12(a)(1)(B) (due 21 days after counterclaims served)).

After Alert Media's prompting, Verna IP filed the CRSR on August 11 (*see* Dkt. 14, **47 days late**), served answers to the counterclaims on July 28 (*see* Dkt. 11, **19 days late**), and filed an unopposed motion for leave to respond to the Motion on July 29 (*see* Dkt. 13). That motion requests leave only "to file a response to [Alert Media's] Motion to Dismiss," and Verna IP only requested from Alert Media an extension to respond to the Motion. (*Id.*; *see also* Ex. A, July 29 Email Ramey to Marshall ("We would request and extension to respond to the motion to dismiss until August 12th.").) Alert Media never consented to Verna IP's amended pleading because Verna IP never asked and—seeing how the amendment did not alter the Section 101 analysis—Alert Media would have opposed as merely causing delay.

On August 11 with its motion for leave still pending, Verna IP filed a First Amended Complaint along with its response to the Motion. (Dkt. 15 ("Amended Complaint"); Dkt. 16 ("Response").) The Amended Complaint is out of time (**40 days late**) and should be stricken.

II.     THE AMENDED COMPLAINT IS UNTIMELY AND SHOULD BE STRICKEN

A pleading can be amended once as a matter of course within "21 days after service of a responsive pleading" or "motion under Rule 12(b) . . . whichever is earlier." FED. R. CIV. P. 15(a)(1); *accord* L.R. CV-15(a). Alert Media filed and served its Answer and Motion on June 18. (*see* Dkts. 8, 10.) Thus, Verna IP could amend its original Complaint as a matter of right until July 9, which it did not do.

Subsequent amendment is possible "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2); *accord* L.R. CV-7(b). Verna IP did not ask for Alert

2

Media's consent, nor did it request this Court's leave. "[F]ailing to request leave from the court when leave is required makes a pleading more than technically deficient. The failure to obtain leave results in an amended complaint having no legal effect." *U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003). Verna IP's Amended Complaint should therefore be stricken.

Alert Media's Motion, consequently, is not moot because the improper Amended Complaint has "no legal effect"; the original Complaint remains the operative pleading. *Id.* Verna IP filed its Response to Alert Media's Motion on the same day it filed the Amended Complaint. (Dkt. 16.) And Alert Media will submit its reply in time so that the Court may rule on the merits of the Complaint.

### III.   CONCLUSION

For the foregoing reasons, Alert Media respectfully requests that the Court strike Verna IP's Amended Complaint (Dkt. 15) for failure to comply with Federal Rule of Civil Procedure 15(a) and this Court's Local Rules governing the amendment of pleadings.

Dated: August 25, 2021

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ Neil J. McNabnay*
    Neil J. McNabnay
    mcnabnay@fr.com
    Texas Bar No. 24002583
    David B. Conrad
    conrad@fr.com
    Texas Bar No. 24049042
    Collin J. Marshall
    cmarshall@fr.com
    Texas Bar No. 24109509

    1717 Main Street, Suite 5000
    Dallas, Texas 75201
    (214) 747-5070 (Telephone)
    (214) 747-2091 (Facsimile)

**ATTORNEYS FOR DEFENDANT
ALERT MEDIA, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing document has been served on August 25, 2021, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

    */s/ Neil J. McNabnay*
    Neil J. McNabnay

## CERTIFICATE OF CONFERENCE

Pursuant to Local Court Rule CV-7(g), the undersigned certifies that counsel for the parties have attempted to confer in a good faith to resolve the matter by agreement and certifies that no agreement could be made because no conference actually occured.

    */s/ Neil J. McNabnay*
    Neil J. McNabnay