# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **VERNA IP HOLDINGS, LLC,** *Plaintiff* <br><br> -vs- <br><br> **ALERT MEDIA, INC.,** *Defendant* | W-21-CV-00422-ADA |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Alert Media, Inc.'s ("Defendant" or "Alert Media") (1) Motion to Dismiss for Failure to State a Claim (the "Motion to Dismiss") (ECF No. 8); (2) Alert Media's Motion to Strike (the "Motion to Strike") (ECF No. 18); and (3) Verna IP's Motion for Leave to File Amended Complaint (the "Motion for Leave") (ECF No. 20, 22). After review of the relevant briefing for each of the previously described motions, the Court orders as follows.

### I.   BACKGROUND

#### A.   The Asserted Patent

On April 27, 2021, Plaintiff Verna IP filed its Complaint accusing Defendant Alert Media of infringing U.S. Patent No. 8,265,938 (the "'938 Patent"). ECF No. 1. The '938 Patent is titled "Voice Alert Methods, Systems and Processor-Readable Media" and was filed on December 13, 2011. ECF No. 1-1. "The '938 Patent relates to [] novel and improved methods, systems and processor-readable media for providing instant/real-time Voice alerts automatically to remote electronic devices." ECF No. 1 ¶ 7. Verna IP alleges direct and indirect infringement by Alert Media, including induced infringement of claims 1–18 of the '938 Patent. *Id.* ¶ 12.

### B.  Motion to Dismiss

In response to Verna IP's Complaint, Alert Media filed this Motion to Dismiss under 35 U.S.C. § 101. Alert Media argues that the '938 Patent cannot escape a motion to dismiss under *Alice* and that Verna IP's complaint contains nothing more than legal conclusions and conclusory allegations. Verna IP argues that Alert Media's characterizations are oversimplified and that factual allegations exist sufficient to preclude dismissal.

Alert Media also argues that Verna IP's indirect infringement claims should be dismissed. ECF No. 8 at 18. Plaintiff argues that its Amended Complaint specifies that Defendant had knowledge at least as of the filing of the lawsuit and that the components marketed and sold by Alert do not have any substantial non-infringing uses. ECF No. 16 at 15; ECF No. 15 ¶ 12.

### C.  Motion to Strike and Motion for Leave

Alert Media filed its Motion to Dismiss, and separately included an answer with counterclaims against Verna IP. ECF Nos. 8, 10. A month later, after Alert Media filed a Notice of Non-opposition to its Motion to Dismiss, Verna IP filed an answer to the counterclaims (ECF No. 11) and, a day later, filed an unopposed motion for leave to file its response to Alert Media's Motion to Dismiss. Less than two weeks later, and nearly two months after Alert Media filed its Motion to Dismiss, Verna IP filed an Amended Complaint and response in opposition to Alert Media's Motion to Dismiss. ECF Nos. 15, 16.

In response, Alert Media filed an Opposed Motion to Strike the Amended Complaint arguing it never consented to an amended pleading because Verna IP never asked. Instead, Alert Media believed it only consented to a delayed response to its Motion to Dismiss. Alert Media

argues that Verna IP did not receive Alert Media's consent, nor did Verna IP file its amended pleading within the time given as a matter of right. And, because Verna IP failed to seek leave from this Court, its Amended Complaint (ECF No. 15) should be struck.

After competing briefs on the Motion to Strike, Verna IP filed its Motion for Leave (ECF No. 22) to argue that its filing was not deficient, and that Defendant cannot claim surprise as the Amended Complaint simply incorporates direct text from the '938 Patent. Further, Plaintiff argues that Defendant Alert Media should not be able to dictate the manner of Plaintiff's response after granting an extension. As cause for its delay, Verna IP also alerts Defendant and this Court that the errant delay in responding to the Motion to Dismiss was because of a change in its internal docketing system. ECF No. 13 at 1.

## II.  LEGAL STANDARD

### A.  Motion to Strike and Motion for Leave to Amend the Complaint

Rule 15(a) of the Federal Rules of Civil Procedure requires a trial court 'to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend.'" *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (quoting *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)) (internal quotation marks omitted). The Fifth Circuit considers five factors to determine whether to grant a party leave to amend a complaint: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *Id.* (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)). Absent any of these factors, and pursuant to Rule 15, a "court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). However, "leave to amend is by no means automatic." *Jones v. Robinson Property Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005). Parties "cannot simply file documents and

declare them to be amended complaints." *Prince-Rivers v. Fed. Express Ground*, 731 Fed. App'x 298, 300 (5th Cir. 2018). Parties must either have the opposing party's written consent or the court's leave. *Id.* (citing FED. R. CIV. P. 15(a)(2)).

### B. Rule 12(b)(6)

A party may move to dismiss a claim if the complaint has "fail[ed] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 663. When considering a Rule 12(b)(6) motion, a court must assume that all well-pled facts are true and view them in the light most favorable to the non-moving party. *See Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012). However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft*, 556 U.S. at 678.

### C. Patent Eligibility

Patentability under 35 U.S.C. § 101 is a threshold legal issue. *Bilski v. Kappos*, 561 U.S. 593, 602 (2010). Therefore, the section 101 inquiry may be properly raised at the pleadings stage if it is apparent from the face of the patent that the asserted claims are not directed to eligible subject matter. *See Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 718–19 (Fed. Cir. 2014) (Mayer, J., concurring). However, resolution of a patent's section 101 eligibility is not always appropriate at the Rule 12(b) motion to dismiss stage without the benefit of claim construction.

*See Slyce Acquisition Inc. v. Syte-Visual Conception Ltd.*, No. W-19-CV-00257-ADA, 2020 WL 278481, at *3 (W.D. Tex. Jan. 10, 2020).

Section 101 defines subject matter eligible for patenting as "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." 35 U.S.C. § 101. The Supreme Court has long read exceptions into section 101: laws of nature, natural phenomena, and abstract ideas are not patentable. *See, e.g.*, *Diamond v. Diehr*, 450 U.S. 175, 185 (1981). According to the Court, these are the fundamental tools of scientific endeavor and granting monopolies over them risks dousing the flame of innovation the U.S. patent regime is meant to fan. *See Gottschalk v. Benson*, 409 U.S. 63, 67 (1972); *Mayo Collaborative Servs. v. Prometheus Lab'ys, Inc.*, 566 U.S. 66, 71 (2012); *see also Le Roy v. Tatham*, 55 U.S. (14 How.) 156, 175 (1852) ("A principle, in the abstract, is a fundamental truth; an original cause; a motive; these cannot be patented, as no one can claim in either of them an exclusive right.").

### D.     **Indirect Infringement**

To allege indirect infringement, the plaintiff must plead specific facts sufficient to show that the accused infringer had actual knowledge of the patents-in-suit or was willfully blind to the existence of the patents-in-suit. *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766, 769 (2011) "Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). Liability under § 271(b) "requires knowledge that the induced acts constitute patent infringement." *Global-Tech*, 563 U.S. at 766. "For an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'" *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869

F.3d 1372, 1379 (Fed. Cir. 2017) (alterations in original) (quoting *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)).

"Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non–infringing uses, and is known by the party 'to be especially made or adapted for use in infringement of such patent.'" *Id.* at 1337 (quoting 35 U.S.C. § 271(c)). Like induced infringement, contributory infringement "requires knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015).

### III.   ANALYSIS

#### A.   Motion to Strike and Motion for Leave

Verna IP's argument runs contrary to the language of Rule 15 of the Federal Rules of Civil Procedure. While Verna IP may have thought it acquired consent to respond with an amended complaint, it is clear that Alert Media felt differently. Given Alert Media's objection, and the ambiguity in the agreement, it cannot be said that Verna IP received written consent to file an amended complaint. It is further undisputed that Verna IP's Amended Complaint fell outside the timeframe allowed to file as a matter of right.

However, Verna IP, in the midst of the Motion to Strike, sought leave from this Court to file its Amended Complaint. Given the reasons for the delay, a change in the docketing system, and its fairly prompt filing after allegedly receiving actual notice of the motion to dismiss, the Court finds no substantial reason to deny Plaintiff's request. Plaintiff did not unduly delay nor are there any allegations of bad faith in the delayed filing of the Amended Complaint. This is Plaintiff's first Amended Complaint, negating any thought of repeated failure to cure

deficiencies. Defendant argues that the amendment is futile, noting that its position regarding patent ineligibility remained firm despite the amendments to the complaint. *See* ECF No. 21 at 1 ("the single paragraph it added does not move the needle on the analysis"). The Court does not find that the factual allegations, taken from the patent specification itself, were futile. Last, Defendant's futility argument nullifies any claimed undue prejudice. Therefore, the Court will address Defendant's arguments regarding patent ineligibility in light of Plaintiff's Amended Complaint (ECF No. 15). By incorporating and accepting Defendant's original Motion to Dismiss after the Amended Complaint, the Court will mitigate any added risk of undue delay or prejudice to require new briefs on all the asserted arguments. However, as noted below, the Court will invite new briefing on the indirect infringement claims should Defendant choose to attack the amended pleadings. Defendant has not responded to the Amended Complaint concerning indirect infringement and should be afforded the right to address the newly amended claims as it sees fit.

### B.   35 U.S.C. § 101

Alert Media filed the instant Motion arguing that the claims of the '938 Patent are invalid under 35 U.S.C. § 101 "because they (1) are directed to the abstract idea of providing voice messages as localized emergency alerts; and (2) do not contain an 'inventive concept . . . sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself.'" ECF No. 8 at 7–8 (citing *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 217–18 (2014) (quotation marks omitted). In short, Alert Media argues that the independent claims of the '938 Patent are directed to the abstract idea of providing voice messages as localized emergency alerts, that the claims are not directed to a specific improvement in a computer's capabilities, and that the claims are untethered to a specific

implementation. Regarding *Alice* Step 2, Alert Media argues the '938 Patent's claims do not contain an inventive concept.

Verna IP responds that the claims of the '938 Patent are directed to concrete steps and that Alert Media oversimplifies the claimed invention and ignores important limitations. Verna IP argues the focus of the claims is "automatic digitized conversion of text messages to voice alerts for transmission to remote electronic devices." ECF No. 16 at 4. Furthermore, Verna IP argues inventive concepts exist that preclude dismissal at this stage and that certain factual allegations in the Amended Complaint and Patent Specification preclude dismissal. Those factual allegations include: (1) providing an audible notification to a driver of a vehicle so they are not distracted; (2) providing that such notifications were not possible prior to the claimed invention in a Personal Localized Alerting Network ("PLAN"); (3) providing an improved and efficient approach for transmitting or broadcasting instant voice alerts to remote electronic devices automatically during times of emergency or security monitoring to save lives and resources; and (4) providing "push technology" for instant push notification. ECF No. 16 at 13.

Defendant's Motion to Dismiss was filed prior to claim construction and before the close of fact discovery. Based on the fact that the parties dispute the constructions for several claim terms (*see, e.g.*, ECF. No. 32) and that fact discovery has not closed, and based on the Court's review of the '938 Patent, the Court does not believe this is one of the rare cases where it is appropriate to resolve the Section 101 eligibility of the asserted patent as a Rule 12(b) motion to dismiss. *MyMail, Ltd. v. ooVoo, LLC*, 934 F.3d 1373, 1379 (Fed. Cir. 2019) (describing that the district court must resolve claim construction disputes to "whatever extent is needed to conduct the § 101 analysis"); *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018) ("The question of whether a claim element or combination of elements is well-understood, routine and

conventional to a skilled artisan in the relevant field is a question of fact."); *see also Slyce Acquisition Inc. v. Syte –Visual Conception Ltd.*, No. 6:19-cv-257-ADA, 2020 WL 278481, at *8 (W.D. Tex. Jan. 10, 2020) (denying Defendant's motion to dismiss without prejudice as "claim construction and fact discovery can completely change the Court's § 101 analysis"). For the asserted patent, claim construction, fact discovery, and expert reports are necessary to ensure the Court does not prematurely dispose of this case and the '938 Patent in a motion to dismiss. The Court finds that, as pleaded, factual allegations remain sufficient to defeat the motion. However, the Court will grant Alert Media leave to file a motion for summary judgment after the close of fact discovery and with the benefit of expert reports.

### C.     Indirect Infringement

Alert Media argues, referring to the original complaint, that Verna IP "fails to plead actual knowledge or willful blindness." ECF No. 8 at 18. Additionally, Defendant states that Verna IP's complaint cannot survive a motion to dismiss because it fails to "plead facts that allow an inference that the components sold or offered for sale have no substantial noninfringing uses." *Id.* at 19 (quoting *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012). In response, Verna IP amended its complaint to add that "Alert has known of the '938 patent and the technology underlying it from at least the date of the lawsuit." ECF No. 15 ¶¶ 11, 12. The Amended Complaint also added that "[t]he [components] marketed and sold by Alert do not have any substantial non-infringing uses." ECF No. 15 ¶ 12.

As previously addressed, the Court now grants Plaintiff's Motion for Leave and accepts the Amended Complaint as filed at docket number 15. However, Defendant has made no indication that the facts or legal consequences remain the same for Plaintiff's indirect infringement claims after the filing of the Amended Complaint. Therefore, the Court denies

Defendant's Motion to Dismiss the Indirect Infringement claims as moot. But such a denial is without prejudice. Defendant has fourteen (14) days to file a short motion to dismiss the indirect infringement claims. Plaintiff shall then have 7 days to respond. If Defendant files such a motion, the parties shall email the clerk of the court when the briefing is ripe for quick resolution.

## IV.   CONCLUSION

For the foregoing reasons, the Court orders as follows:

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to file an Amended Complaint is **GRANTED**. The Amended Complaint at ECF No. 15 shall be the live First Amended Complaint for future reference.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss for failure to state a claim under 35 U.S.C. § 101 is **DENIED WITHOUT PREJUDICE**. The Court **GRANTS** Defendant leave to file a motion for summary judgment after the close of fact discovery, and with the benefit of expert reports.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Plaintiff's Indirect Infringement claims is **DENIED WITHOUT PREJUDICE**.

SIGNED this 2nd day of February, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE