IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **VERNA IP HOLDINGS, LLC,**<br><br>  Plaintiff,<br><br>v.<br><br>**ALERT MEDIA, INC.,**<br><br>  Defendant. | C.A. No. 6:21-cv-00422-ADA<br><br>**JURY TRIAL DEMANDED**<br><br>**FILED UNDER SEAL** |
| **VERNA IP HOLDINGS, LLC,**<br><br>  Plaintiff,<br><br>v.<br><br>**ALERT MEDIA, INC.,**<br><br>  Defendant. | C.A. No. 6:22-cv-00387-ADA<br><br>**JURY TRIAL DEMANDED**<br><br>**FILED UNDER SEAL** |

**ALERT MEDIA, INC.'S REPLY IN SUPPORT OF
<u>MOTION FOR EXCEPTIONAL CASE</u>**

## **TABLE OF CONTENTS**

I. VERNA PROVIDES NO BASIS TO DISPUTE THAT ITS INFRINGEMENT CLAIM LACKED OBJECTIVE MERIT.................................................................................................. 1

II. THERE WAS NO AGREEMENT REACHED ON A "GLOBAL PEACE" ........................ 3

III. VERNA'S OTHER ISSUES ARE IRRELEVANT OR MISREPRESENTATIONS............ 5

IV. CONCLUSION................................................................................................................. 5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Nova Chemicals Corp. (Canada) v. Dow Chem. Co.*,
   856 F.3d 1012 (Fed. Cir. 2017)......................................................................................................1

*Taurus IP, LLC v. DaimlerChrysler Corp.*,
   726 F.3d 1306 (Fed. Cir. 2013)......................................................................................................1

**Statutes**

35 U.S.C. § 285..............................................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 11............................................................................................................................2

## I. VERNA PROVIDES NO BASIS TO DISPUTE THAT ITS INFRINGEMENT CLAIM LACKED OBJECTIVE MERIT

In its response, Verna never once attempts to show this Court that it had any objective basis for a "reasonable" belief that all claim elements are present in the accused products. (Dkt. No. 58[1].) As explained in Alert Media's opening brief (Dkt. No. 53), the asserted claims required "converting" a voice alert into more than one language. (Dkt. No. 26 at 6-8.) From the beginning of the lawsuit through today, Verna has simply ignored that this claim element existed. Because there can be no dispute that Verna's infringement theory lacked objective merit, the Court should grant Alert Media's motion. *See Nova Chemicals Corp. (Canada) v. Dow Chem. Co.*, 856 F.3d 1012, 1017 (Fed. Cir. 2017) ("The substantive strength of a party's litigating position can—i.e., whether it is objectively baseless—independently support an exceptional-case determination."); *Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1328 (Fed. Cir. 2013) (explaining "the rule that a party cannot assert baseless infringement claims and must continually assess the soundness of pending infringement claims, especially after an adverse claim construction").

On August 13, 2021, Verna served infringement contentions that failed to allege that the products performed this step. Rather than alleging that Alert Media converted anything into multiple languages, it merely contended that users could "write" their messages in any language (Dkt. No. 53, Ex. 1 at 6.)

On November 15, 2021, Alert Media demanded dismissal because the infringement contentions did not show this element practiced, providing documents in support:

---

[1] All docket references are to 6:22-cv-00387-ADA unless otherwise noted.

1



(Dkt. No. 53, Ex. 2 at 2.) Verna ignored this letter.

On February 18, 2022, the Court issued a *Markman* order, holding that the claims "require[] automatically converting voice alerts to more than one language and automatically transmitting the voice alerts." (Dkt. 40 at 6.) Verna ignored that order too.

On March 1, 2022, Alert Media once again pointed out that its products did not convert a voice alert to more than one language, demanding dismissal. Still, Verna made no attempt to demonstrate a basis for believing this claim element was met.

On March 15, 2022, Alert Media continued providing evidence of non-infringement. It told Verna it was "preparing a Rule 11 motion because Verna will not dismiss its baseless lawsuit." (Dkt. No. 53, Ex. 5.) Verna still made no defense that its case was not frivolous. Instead of merely dropping the case, Verna tried to avoid a ruling on the merits entirely—moving for a dismissal without prejudice—and sued Alert Media again, on a claim that was no less frivolous.

And finally, when Verna needed to prove to this Court in its response that its infringement contention was objectively reasonable, it offered the Court nothing in its defense.

Thus, the Court need not review the record any further. There is no dispute that Verna's serially-filed cases lacked objective merit. Alert Media respectfully suggests that the Court can,

and should, deem this an exceptional case and award Alert Media fees for Verna's filing of this objectively unreasonable claim for infringement.

**II.     THERE WAS NO AGREEMENT REACHED ON A "GLOBAL PEACE"**

Because Verna cannot and will not defend the merits of its infringement claim, it spends almost all of its response brief on irrelevant distractions and misrepresentations about negotiations over a global peace agreement.

It is true, as Verna points out, that the parties **began** discussing a potential global peace agreement in exchange for Alert Media waiving its claim for attorneys' fees. But that is where the truth in Verna's response brief ends. It is absolutely false that the parties "agreed to global peace," as Verna puts it. Despite meticulously documenting its motion with dozens of footnotes, Verna provides no evidence of any such agreement actually being reached.[2]

To begin, the only reason the suggestion of "global peace" was ever raised by the parties was because Verna demonstrated with its second lawsuit that it would continue to serially file and threaten to file frivolous cases against Alert Media. (No. 6:21-cv-00422-ADA, Dkt. No. 1.) And when Verna did make an offer of "global peace" on March 8, it did not provide any details regarding who or what would be involved in this arrangement, or any other necessary terms.[3] Verna never followed up.

---

[2] In fact, after Alert Media filed its fee motion, Verna tried to argue this from a different angle: that there was an agreement to waive a claim for fees in exchange for dismissal with prejudice, for which Verna performed. (Ex. 15, March 27 & 28 Emails Btwn. Ramey and Conrad at 1-2.) Alert Media pointed out how that was wrong and in fact factually impossible. (*Id.* at 1.) Verna does not appear to repeat that false claim here.

[3] For example, Verna did not indicate who the parties to the agreement would be, such as whether it would just be the named defendant, or whether it would include its affiliates or other third-parties.

3

In the meantime, the Court dismissed the cases. (Dkt. No. 51; No. 6:21-cv-00422-ADA, Dkt. No. 19.) Fearing that the clock would run out on its time to file a motion for attorneys' fees, and hearing nothing from Verna, Alert Media took it upon itself to draft a complete written proposal,[4] but made an express deadline for a response so that Alert Media would not incur any unnecessary expenses drafting a motion for fees. Verna did not respond by the required Thursday deadline—despite emails and a voicemail left with Verna's counsel. (Dkt. No. 58, Ex. B at 6.) Alert Media gave one more day to get a response. Still nothing. Verna continued its radio silence over the weekend. On Monday, March 27, without any ability to communicate with Verna's counsel, Alert Media had no choice but to draft and file its motion that same day. (*See* Ex. 16, 17 (invoices showing the fee motion was drafted on March 27).)

Alert Media does not know why Verna did not respond in any way, even if it was just to request more time to review. Perhaps it was innocent neglect. Perhaps it was a bad faith attempt to run out the clock on the fee motion deadline (after which Alert Media would have no more leverage to negotiate terms). Either way, the parties did not reach any agreement before Alert Media's proposal expired and Alert Media filed its fee motion on March 27. Verna signed the agreement only the next day after its counsel saw the motion was filed. (Dkt. No. 58, Ex. A at 8, Ex. B at 5.)

---

[4] Verna falsely suggests that this was a deliberate delay on Alert Media's part. Verna—not Alert Media—was the party that was offering global peace. Verna was the party that never followed up with details nor made any other effort to draft an agreement. Now, Verna disingenuously tries to blame Alert Media for its good faith attempt to try to timely reach a firm agreement despite Verna's delay. Similarly, Verna complains that Alert Media did not ask it for an extension of time to file the fee motion. Again, this is victim blaming. Verna was the party that went radio silent. Any such request would have been futile.

4

Alert Media never signed the agreement, and per its terms it is not effective without that signature.[5] The fact that there was ever any such discussions is irrelevant to this motion for fees.

### III. VERNA'S OTHER ISSUES ARE IRRELEVANT OR MISREPRESENTATIONS.

Verna's other attempts to distract from its inability to demonstrate any objective merit for its serially-filed lawsuits are irrelevant or misrepresentations.

For example, Verna's discussion of the motion to dismiss for lack of patent eligibility under Section 101 has no bearing on this motion. The issue for this motion is not patent eligibility, but Verna's lack of any objective basis to allege that Alert Media's products convert a voice message into multiple languages. As explained in the opening brief, that only became apparent after Verna refused to acknowledge its infringement contentions, which Alert Media promptly brought to its attention in November 2021. (Dkt. No. 53, Ex. 2.)

Verna's suggestion that Alert Media did not raise this issue in any briefing prior to the motion for fees is also false. Alert Media sought, and won, a claim construction that further demonstrated that the products do not automatically convert voice messages to different languages.

### IV. CONCLUSION

For the foregoing reasons, Alert Media respectfully requests that the Court grant this motion for fees under 35 U.S.C. § 285 and award Alert Media ▬▬▬▬ and ▬▬▬▬.

---

[5] The "Effective Date" is defined as "the date of signature of the last signatory." (Dkt. No. 58, Ex. A at 1.)

Dated: May 15, 2023                    Respectfully submitted,

                                              FISH & RICHARDSON P.C.

                                              By: */s/ David B. Conrad*
                                                   Neil J. McNabnay
                                                   mcnabnay@fr.com
                                                 Texas Bar No. 24002583
                                                 David B. Conrad
                                                 conrad@fr.com
                                                 Texas Bar No. 24049042

                                                 1717 Main Street, Suite 5000
                                                 Dallas, Texas 75201
                                                 (214) 747-5070 (Telephone)
                                                 (214) 747-2091 (Facsimile)

                                              **ATTORNEYS FOR DEFENDANT**
                                              **ALERT MEDIA, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 15, 2023, the foregoing document was filed electronically under seal in compliance with Local Rule CV-5(a), and was served to counsel of record via electronic mail pursuant to Local Rule CV-5.2(e).

.

                                              */s/ David B. Conrad*
                                              David B. Conrad