IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **VERNA IP HOLDINGS, LLC,** *Plaintiff,* § § § | |
| v. § | Civil Action No. 6:21-cv-00422-ADA |
| **ALERT MEDIA, INC.,** *Defendant.* § § § § § | |

### ORDER

Before the Court is Defendant Alert Media, Inc.'s ("Alert Media") Motion for Exceptional Case (ECF No. 53), seeking an award of attorneys' fees pursuant to 35 U.S.C. 285 in this case and in Case No. 6:22-cv-00387. The Court will address Alert Media's motion for fees in the latter action in a separate order. Having carefully considered the relevant facts, the briefing, and the applicable law, the Court **GRANTS-IN-PART** Alert Media's motion and awards Alert Media its attorneys' fees expended in this action beginning on May 11, 2022.

### I.   FACTUAL BACKGROUND

On April 27, 2021, Plaintiff Verna IP Holdings, LLC ("Verna") filed its complaint, which alleged infringement of U.S. Patent No. 8,265,938 ("the '938 Patent"). ECF No. 1 at 1. The '938 Patent relates to methods, systems, and processor-readable media for providing instant or real-time voice alerts automatically to remote electronic devices. *Id.* ¶ 7. Verna asserted that Alert Media's "devices/products and systems," i.e., Alert Media's emergency notification platform and services, infringed claims 1–4, 6, 11–13, and 16–18 of the '938 Patent. *Id.* ¶ 6; ECF No. 53-2 (Verna's Infringement Contentions). Alert Media subsequently moved to dismiss the suit on June 18, 2021, contending that the subject matter of the '938 Patent was patent ineligible under 35 U.S.C. § 101. ECF No. 8.

1

Verna served its infringement contentions on August 13, 2021. ECF No. 53 at 2. On November 15, 2021, after reviewing those infringement contentions, Alert Media sent Verna a letter requesting dismissal of the case. ECF Nos. 53 at 3, 53-3. Alert Media argued therein that Verna's infringement allegations were frivolous ███████████████████████████

███████████████████████████████. ECF No. 53-3 at 2. Alert Media also informed Verna that it intended to pursue Rule 11 sanctions if Verna did not dismiss the lawsuit. *Id.* at 1. According to Alert Media, Verna never responded to this letter. ECF No. 53 at 3.

The Court addressed—and denied—Alert Media's Motion to Dismiss on February 2, 2022. ECF No. 34. The Court rejected Alert Media's 35 U.S.C. § 101 ineligibility argument, finding that "as pleaded, [Verna's] factual allegations remain sufficient to defeat the motion." *Id.* at 9. The Court also opined that "[f]or the asserted patent, claim construction, fact discovery, and expert reports are necessary to ensure the Court does not prematurely dispose of this case." *Id.* The case subsequently proceeded to the *Markman* hearing.

On February 18, 2022, following the *Markman* hearing on February 11, 2022, the Court issued its Claim Construction Order and Memorandum. ECF Nos. 39–40. The Court held that the preambles of the asserted independent claims (Claim Nos. 1, 11, and 18) were limiting and that the word "automatically" has its plain and ordinary meaning of "without direct human control." ECF No. 39 at 1. Because of the preamble limitations, the phrases "automatically providing instant emergency voice alerts" in Claims 1 and 11 and "automatically providing instant voice alerts" in Claim 18 thus require *automatically* converting voice alerts to more than one language and *automatically* transmitting the voice alerts. *See* ECF No. 40 at 6 (emphasis added).

Alert Media contacted Verna on March 1, 2022, requesting dismissal of the case in light of the Claim Construction Order, which Alert Media contended "reinforce[d] that Verna's

infringement allegations are frivolous and objectively baseless." ECF No. 53 at 4, 53-4 at 1. Alert Media pointed to the Court's holding that the use of "automatically" in the independent claims' preambles required automatically converting voice alerts to more than one language. ECF No. 53-4 at 1. Alert Media also noted that each asserted claim recited this functionality, either expressly in the independent claims or through claim dependency in the remainder. *Id.* ███████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████ . *Id*.

Verna initially refused to dismiss the case, pointing to an Alert Media website comment that "[w]hen recording a voice notification you can [] choose a native language speaker from the system . . . ." ECF No. 53-5. ████████████████████████████████████████ ███████████████████████████████████████████████████████ ██████████████ ECF No. 53-6 at 1. On March 15, 2022, Verna responded that it disagreed that it had not shown its infringement case but would consider the information from Alert Media and reply. ECF No. 53-7 at 1.

Verna then filed a second lawsuit against Alert Media on April 14, 2022, alleging infringement of a related patent, U.S. Patent No. 10,282,960 ("the '960 Patent"). ECF No. 53 at 4; *see also* Complaint, *Verna IP Holdings, LLC, v. Alert Media, Inc.*, No. 6:22-cv-00387 (W.D. Tex. Apr. 14, 2022), ECF No. 1.

After filing the second suit, Verna agreed on April 18, 2022 to dismiss its infringement claims relating to the '938 Patent. ECF No. 53 at 5. Nearly a month later, Verna filed an Opposed Motion to Dismiss, requesting dismissal without prejudice. ECF No. 45. Alert Media filed an opposition requesting dismissal of Verna's claims with prejudice, as Alert Media had pleaded

counterclaims of non-infringement and invalidity. ECF No. 47 at 1. The Court denied Verna's motion on February 8, 2023, finding that "dismissal without prejudice is not appropriate in this case." ECF No. 49 at 2. Verna subsequently agreed to dismissal of its claims with prejudice, *see* ECF No. 50 at 1, and the Court dismissed this case on March 13, 2023. ECF No. 51. Alert Media filed its Motion for Exceptional Case, requesting attorneys' fees both in this case and in Case No. 6:22-cv-00387 (also dismissed on March 13, 2023). ECF No. 53. The Court now addresses Alert Media's request for fees expended in defending this suit.

## II.  LEGAL STANDARD

Under the Patent Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The Supreme Court has held that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).

District courts determine whether a case is "exceptional" on a case-by-case basis, considering the totality of the circumstances. *Id.* In doing so, courts may consider a nonexclusive list of factors including "frivolousness, motivation, objective unreasonableness (both in the legal and factual components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6 (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994) (addressing similar fee-shifting provision in the Copyright Act)). A case that presents "either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to be 'exceptional'" and justify an award of fees. *Id.* at 546. There is no requirement that a party's unreasonable conduct be independently sanctionable in order

4

to be "exceptional." *Id.* at 555. However, fee awards are not to be used "as a penalty for failure to win a patent infringement suit." *Id.* at 548–49 (citation omitted); *see also Checkpoint Sys., Inc. v. All-Tag Security S.A.*, 858 F.3d 1371, 1376 (Fed. Cir. 2017).

Section 285 requires that exceptionality be proven by a preponderance of the evidence. *Octane Fitness*, 572 U.S. at 557 (rejecting prior requirement that patent litigants establish entitlement to fees under § 285 by clear and convincing evidence).

### III.  DISCUSSION

Considering the totality of the circumstances, the Court deems this case exceptional as of May 11, 2022, and awards Alert Media its attorneys' fees beginning from that date.

**A.  Motion for Fees**

To receive attorneys' fees under § 285, Alert Media must be a prevailing party and the case must be exceptional. It is undisputed that Alert Media is a prevailing party under § 285. Verna eventually agreed to dismissal of its infringement claims with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). ECF No. 50 at 1. The Federal Circuit has held that the dismissal of a claim with prejudice is considered a judgment on the merits. *See, e.g.*, *Power Mosfet Techs., LLC v. Siemens AG*, 378 F.3d 1396, 1416 (Fed. Cir. 2004) (citation omitted). This remains true for voluntary dismissals with prejudice under Rule 41(a)(2), which "[have] the necessary judicial imprimatur to constitute a judicially sanctioned change in the legal relationship of the parties," allowing district courts to properly entertain § 285 fee claims. *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1307 (Fed. Cir. 2018) (citing *Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1035 (Fed. Cir. 2006). Therefore, the award of attorneys' fees hinges on whether the case is exceptional.

Alert Media contends that this case meets both *Octane Fitness* definitions of "exceptional," i.e., that (1) the case stands out from others with respect to the substantive strength of Verna's

litigating position and (2) Verna litigated in an unreasonable manner. ECF No. 53 at 2. Alert Media argues that because Verna never alleged that the Accused Product converted a voice alert to more than one language, the case lacked any legal or factual basis. *Id.* at 13. Furthermore, Alert Media argues that Verna's litigation conduct was unreasonable. *Id.* at 14. According to Alert Media, this unreasonable conduct included: ignoring Alert Media's initial Rule 11 letter sent November 15, 2021; failing to dismiss the case for months after Alert Media's second letter sent March 1, 2022; and moving to dismiss the case without prejudice despite Alert Media's active counterclaims, requiring Alert Media to oppose the motion. *Id.* at 15–16. Alert Media labels the swiftly-dismissed second lawsuit (Case No. 6:22-cv-00387) another example of unreasonable conduct, asserting that—along with the first suit—it demonstrates Verna's practice of "filing . . . for the sole purposed [sic] of forcing settlement." *Id.* at 16.

      Verna responds that neither its litigating position nor its conduct in this case stand out from those in other cases. ECF No. 56 at 9. Verna claims it had a reasonable belief that Alert Media's system infringed the '938 Patent. *See id*. at 1–2. And Alert Media's 12(b)(6) motion did not argue that Verna failed to show that Alert Media infringed every feature of the asserted '938 Patent claims. *Id.* at 2, 8. Rather, Alert Media simply claimed that the patent-in-suit was invalid under 35 U.S.C. § 101, and the Court subsequently held that the patent's § 101 eligibility should not be resolved in a motion to dismiss. *Id.* at 2. The case then moved to the claim construction stage. *See id*. at 2–3. Verna states that it moved to dismiss the case "[a]fter due consideration of this Court[']s claim construction and Alert Media's March 1, 2022 letter, as well as [] conferring between the parties," and that it thus "litigated in a timely and reasonable matter [sic]." *Id.* at 9. Consequently, Verna argues attorneys' fees are not warranted. *Id.*

Verna also contends that attorneys' fees are unwarranted because it made a good-faith attempt to negotiate resolutions to this suit, the second suit, and "all future cases" against Alert Media—while Alert Media negotiated in bad faith. *Id.* at 9–10. Specifically, Verna claims that in March 2023, it offered "global peace" on its patent portfolio in exchange for Alert Media waiving any claims for attorneys' fees. *Id.* at 6. Alert Media allegedly agreed to draft a "Peace Agreement," did not forward the draft for two weeks, and then demanded that Verna review and sign the document within the two remaining days before the deadline to file a motion for fees. *Id.* at 6–7, 10. Verna suggests that Alert Media should have requested an extension of time to file its Motion for Exceptional Case, or withdrawn the Motion after Verna attempted to return the Peace Agreement. *Id.* at 10. Alert Media replies that Verna's response does not show this Court any basis for a "reasonable" belief that its infringement theory had merit, and that the parties' global peace negotiations are irrelevant. ECF No. 60 at 1, 3.

As an initial matter, the Court agrees with Alert Media that the parties' peace discussions have no bearing on its analysis of this case's exceptionality under § 285. Alert Media never signed the Peace Agreement draft. *Id.* at 5. Thus, the Peace Agreement never took effect, and the parties have no agreement that Alert Media may not seek reasonable attorneys' fees. *Id.* Verna's argument that the parties' conduct during negotiations should somehow impact the Court's decision to award fees has no merit. There is no evidence that Alert Media participated in discussions with Verna in bad faith. Verna's own evidence (ECF No. 56-2 at 5–7) supports Alert Media's contentions that when Verna offered global peace, it provided no details or specific terms regarding the agreement, did not follow up, and then offered no response whatsoever to Alert Media's drafted agreement sent Wednesday, March 22, 2023 until Tuesday, March 28, 2023, after Alert Media had been forced to file its Motion for Exceptional Case the previous day. *See also* ECF Nos. 60 at 3–4, 60-

2 at 2–4. More importantly, Verna's attempt to negotiate in March 2023 does not change the facts of its conduct one year prior. After Alert Media sent its March 1, 2022 letter explaining how the Claim Construction Order extinguished Verna's case, Verna did not promptly move for dismissal. Instead, Verna waited over two months before moving for dismissal without prejudice, requiring Alert Media to expend additional resources in opposing the motion.

Considering the totality of the circumstances, Verna's litigation conduct was objectively unreasonable after May 11, 2022, justifying a finding of exceptionality under § 285 from that date. On February 18, 2022, the Court held that the preambles of the '938 Patent's asserted independent claims were limiting and that the word "automatically" is defined according to its plain and ordinary meaning of "without direct human control." ECF No. 39 at 1. The Court also made clear that, given its holdings, the asserted claims require automatically converting voice alerts to more than one language. ECF No. 40 at 6. Verna then had almost two weeks to contemplate the impact of this *Markman* order and reassess the soundness of its infringement allegations before Alert Media again requested dismissal. *See Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1328 (Fed. Cir. 2013) (noting "the rule that a party . . . must continually assess the soundness of pending infringement claims, especially after an adverse claim construction."). Alert Media's March 1, 2022 letter plainly spelled out for Verna how the evidence provided showed that infringement was impossible: the Accused Product cannot automatically convert voice alerts to other languages as required by the Court's claim construction. *See* ECF No. 53-4. Instead of agreeing to dismiss the action without prejudice, Verna filed an opposed motion to dismiss without prejudice on May 11, 2022. ECF No. On May 11, 2022, Verna's litigating position was devoid of any substantive strength, Verna had been apprised that its position lacked merit, and yet Verna had moved to dismiss without prejudice. As detailed above, Verna unnecessarily prolonged the suit

and moved for dismissal without prejudice, which Alert Media opposed and which this Court found would be an "inappropriate" resolution. ECF No. 49 at 2. These facts underline the exceptional nature of this case after May 11, 2022.

Although Alert Media argues that this case was "frivolous from the day it was filed," ECF No. 53 at 1, the Court declines to deem this case exceptional in whole. Alert Media initially sought to obtain dismissal by arguing that the '938 Patent's claims were invalid under § 101. ECF No. 8 at 1–2. The Court "[did] not believe that this [was] one of the rare cases where it is appropriate to resolve the Section 101 eligibility of the asserted patent as a Rule 12(b) motion to dismiss." ECF No. 34 at 8. As pleaded, Verna's factual allegations were sufficient to defeat Alert Media's Rule 12(b)(6) motion. *Id.* at 9. Although Alert Media first informed Verna that the Accused Product lacked language conversion functionality in November 2021, ECF No. 53 at 15, at that stage the constructions of multiple claim terms were in dispute, *see* ECF No. 34 at 8, and the Court had not yet ruled that the asserted claims require automatically converting voice alerts to more than one language. The Court considers these facts to weigh against a finding of exceptionality before issuance of the Claim Construction Order.

### B. Award of Attorneys' Fees

Courts have discretion to determine the amount of an award of attorneys' fees. *Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1068 (Fed. Cir. 1983). "In determining the reasonableness of the award, there must be some evidence to support the reasonableness of, inter alia, the billing rate charged and the number of hours expended." *Id*.

Alert Media requests that the Court award $403,582.50 in attorneys' fees. ECF No. 60 at 5. This sum includes the attorneys' fees Alert Media incurred over the course of the litigation related to the '938 Patent, as well as fees incurred through prosecution of its Motion for

Exceptional Case. See ECF No. 60-1 ¶ 4. Alert Media's billing records show that beginning on May 11, 2022 it incurred attorneys' fees in this case totaling $48,076.50. ECF Nos. 53-12, 60-3, 60-4.

The Court reviewed the billing records Alert Media submitted and finds that the billing rates charged were reasonable. ECF Nos. 53-12 at 1, 60-5 at 1. The Court finds that the number of hours expended defending this suit through its dismissal was reasonable.

The Court further finds that the hours expended while pursuing the motion for fees after dismissal were reasonable. Alert Media incurred ▓▓▓▓▓▓▓▓▓▓ f this case through the briefing associated with Verna's motion to dismiss without prejudice filed in May 2022. ECF No. 53-13. Alert Media incurred the remaining $32,909 in fees following the Court's denial of Verna's motion to dismiss without prejudice. *See* ECF Nos. 60-3 at 3, 60-4 at 3–4. During this time period, Alert Media communicated and negotiated with Verna about reaching a final dismissal with prejudice, drafted and filed the parties' joint motion to dismiss, engaged in global peace discussions with Verna, and prepared and prosecuted its Motion for Exceptional Case. *Id.* The Court considers the fees incurred here to be proportional. *Cf. WPEM, LLC v. SOTI Inc.*, No. 2:18-CV-00156, 2020 WL 555545, at *7–8 (E.D. Tex. Feb. 4, 2020), *aff'd*, 837 F. App'x 773 (Fed. Cir. 2020) (finding additional $133,488.00 incurred in opposing portion of voluntary dismissal requesting parties to bear own fees and pursuing § 285 recovery unreasonable when fees incurred in merits portion of case totaled $134,716.50 and reducing additional fees to "proportional" sum of $44,905.00).

Accordingly, the Court finds that Alert Media is entitled to total fees of $48,076.50, representing the sum incurred by Alert Media from the date this case became exceptional under § 285.

## IV. CONCLUSION

For the reasons set forth herein, the Court **GRANTS-IN-PART** Alert Media's motion for attorneys' fees pursuant to 35 U.S.C. § 285. The Court **AWARDS** Alert Media attorneys' fees from May 11, 2022, in the total amount of $48,076.50, which shall be due and payable by Verna within 30 days from the issuance of this Order.

**SIGNED** this 22nd day of August, 2023.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE