UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **VERNA IP HOLDINGS, LLC.,** ) | |
|     **Plaintiff,** ) | |
| ) | Civil Action No. 6:21-cv-00422-ADA |
| **v.** ) | |
| ) | |
| ) | |
| **ALERT MEDIA, INC.** ) | Jury Trial Demanded |
|     **Defendant.** ) | |

**MOTION TO QUASH NOTICES OF DEPOSITION OF
KERMIT LOPEZ AND LUIZ ORTIZ**

Plaintiff VernaIP Holdings, LLC ("VernaIP") respectfully moves the Court to quash the Notice of Depositions of Kermit Lopez[1] and Luiz Ortiz[2] served October 20, 2023, and would show good cause as follows:

1. Defendant Alert Media, Inc ("Alert") served VernaIP's counsel, Ramey LLP with the Notice on October 20, 2023, without conferring with the availability of the witness.[3]

2. Defendant also noticed VernaIP's litigation counsel, William Ramey. Through a meet and confer with David Conrad on October 27, 2023, the deposition of Ramey is not going forward until a ruling by the Court.[4]

3. After receiving the deposition notice, Ramey e-mailed Philip Brown asking why Ramey was personally noticed. David Conrad responded that Alert wanted to be paid. Ramey asked again why he was being deposed personally. Counsel for Alert responded that they would answer when VernaIP paid. Counsel for Alert followed up the next day indicating that Ramey's deposition was necessary as Ramey is alleged to

---

[1] Ex. A, October 20, 2023. Deposition Notice of Kermit Lopez.
[2] Ex. B, October 20, 2023. Deposition Notice of Luis Ortiz.
[3] Ramey Decl. at ¶6.
[4] Ramey Decl. at ¶7.

2

      be involved in wrongdoing and is aware of the flow of settlement money.[5]

4. In a meet and confer on October 27, 2023, ramey offered to produce Lopez and Ortiz for depositions as noticed, but remotely as allowed by the Notice. Conrad responded that the depositions were to be in person, in Dallas. Conrad stated that an in-person deposition was needed. Ramey responded that Lopez and Ortiz lived in Albuquerque, New Mexico and travel to Dallas would be a burden and unnecessary. Conrad responded that he would let the Court decide.[6]

This Motion to Quash is filed the next business day after the meet and confer with David Conrad when VernaIP learned for the first time that Alert required an in-person deposition. Both Lopez and Ortiz's deposition notices should be quashed because Alert did not confer with counsel for VernaIP before serving the Notice as to the availability of either witness.[7] If the Court is not inclined to quash the depositions, VernaIP requests that each proceed via zoom as already offered by both witnesses. If the Court requires an in-person deposition, VernaIP requests the depositions are rescheduled to a time when Lopez and Ortiz can travel and that the depositions proceed in a mutually agreeable location. Each runs a business and needs to schedule travel.

VernaIP respectfully requests the Court quash the deposition notices of Lopez and Ortiz, requiring Alert Media to schedule a convenient time for a remote deposition.

 

          Respectfully Submitted

          **Ramey LLP**
          /s/William P. Ramey
          William P. Ramey, III
          Texas Bar No. 24027643
          5020 Montrose Blvd., Suite 800

---

[5] Doc. No. 66-2.
[6] Ramey Decl. at ¶6.
[7] Ramey Decl. at ¶7.

Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

*Attorneys for Verna IP, LLC*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served on this day of October 28, 2023, with a copy of the foregoing via e-mail.

/s/ William P. Ramey, III
William P. Ramey, III