# EXHIBIT 3

| | |
|---|---|
| **From:** | David Conrad |
| **Sent:** | Sunday, October 22, 2023 11:13 AM |
| **To:** | wramey@rameyfirm.com; Rachel Mathews; Tina Hueske |
| **Cc:** | Philip Brown; Susan Kalra; Neil McNabnay |
| **Subject:** | Re: Verna IP v. Alert Media (6:21-cv-422) - Rule 11 Notice |

Bill,

Verna was ordered to pay Alert Media $48,076.50 by September 22 (ECF No. 63.) We raised Verna's failure to pay on September 25, October 10, and twice on October 20, with no response or indication that Verna intends to pay. The only conclusion from this and from the public records is that Verna is a sham corporation with no capital and cannot pay.

Alert Media is entitled to post-judgment discovery to locate Verna's assets and to identify any non-parties that should be joined for payment of the § 285 fee award. SAP Am., Inc. v. InvestPic, LLC, No. 3:16-CV-02689-K, 2021 WL 1102085 (N.D. Tex. Mar. 23, 2021); Iris Connex, LLC v. Dell, Inc., 235 F.Supp.3d 826, 845-46 (E.D. Tex. 2017); see also Ohio Cellular Prods. Corp. v. Adams USA, Inc., 175 F.3d 1343, 1349 (Fed. Cir. 1999); Machinery Corp. of America v. Gullfiber AB, 774 F.2d 467, 475 (Fed. Cir. 1985).

In this case, trial counsel has knowledge of the flow of money to Verna LLP. And joinder of a party who is an active participant in the alleged wrong-doing is proper and necessary under Rule 19, including trial counsel. SAP, 2021 WL 1102085 at *8 (joining Shore Chan De Pumpo LLP as liable for fees under § 285). Deposition of trial counsel in aid of this effort is proper. Iris Connex, 235 F.Supp.3d at 832–833 and 839 (ordering deposition of trial counsel Charles Tadlock).

And Messrs. Lopez and Oritz are not "non-parties" in the sense of Rule 30 depositions. They are "managing agents" of the party Verna LLP and compelled by a Rule 30 deposition noticed on trial counsel.  In re Honda Am. Motor Co., Inc. Dealership Relations Litig., 168 F.R.D. 535, 540 (D. Md.1996); Jackson v. Stevens Transp., Inc., 2015 WL 221087, at *2 (N.D. Tex. Jan. 15, 2015).

David

---

**From:** William Ramey <wramey@rameyfirm.com>
**Sent:** Saturday, October 21, 2023 10:01 AM
**To:** Rachel Mathews <mathews@fr.com>; Tina Hueske <thueske@rameyfirm.com>
**Cc:** Philip Brown <pgbrown@fr.com>; David Conrad <Conrad@fr.com>; Susan Kalra <skalra@rameyfirm.com>
**Subject:** RE: Verna IP v. Alert Media (6:21-cv-422) - Rule 11 Notice

[This email originated outside of F&R.]

David,

I consider your notice to me as violation of Rule 11.  What possible basis could you have for deposing VernaIP's lawyer?  I will move to quash and seek my fees if you do not withdraw my deposition notice.

As for the others, we understand you are allowed to post judgment discovery.  However, your service of two depo notices on me of nonparties cannot stand.  Please withdraw them.  These two individuals are not part of the lawsuit.  What basis do you have for serving notices on me for nonparties?

I am happy to discuss but I ask that you withdraw these improper notices.

Bill

William P. Ramey, III



5020 Montrose Bvd., Suite 800
Houston, Texas 77006
(713) 426-3923
(832) 900-4941 (facsimile)

This communication is CONFIDENTIAL and may be privileged. If you are not the intended recipient, please notify me immediately and delete this message. Further disclosure or copying of any portion of this message is unauthorized.

---

**From:** Rachel Mathews <mathews@fr.com>
**Sent:** Friday, October 20, 2023 4:55 PM
**To:** William Ramey <wramey@rameyfirm.com>; Tina Hueske <thueske@rameyfirm.com>
**Cc:** Philip Brown <pgbrown@fr.com>; David Conrad <Conrad@fr.com>
**Subject:** Verna IP v. Alert Media (6:21-cv-422)


Counsel,

Attached for service please find Notices of Deposition to  William Ramey, Kermit Lopez, and Luiz Ortiz.

Thank you,


**Rachel Mathews ::** Fish & Richardson P.C.
Litigation Paralegal to Tom Reger, Bret Winterle, Noel Chakkalakal, Rodeen Talebi, Michael Vincent, Philip Brown, Ashu Balimba, Riley Green, and Judge Leonard Davis

1717 Main Street Suite 5000, Dallas, TX 75201
214 292 4028 direct :: 214 747 5070 main
fr.com

***************************************************************************************************
************************
This email message is for the sole use of the intended recipient(s) and may contain confidential
and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the
intended recipient, please contact the sender by reply email and destroy all copies of the original

message.
*****************************************************************************************************
*************************