UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| VERNA IP HOLDINGS, LLC.,<br>    Plaintiff,<br><br>v.<br><br><br>ALERT MEDIA, INC.<br>    Defendant. | )<br>)<br>)   Civil Action No. 6:21-cv-00422-ADA<br>)<br>)<br>)<br>)   Jury Trial Demanded<br>) |

### REPLY IN SUPPORT OF MOTION TO QUASH NOTICE OF DEPOSITION OF WILLIAM P. RAMEY, III

Plaintiff VernaIP Holdings, LLC ("VernaIP") respectfully files this reply in support of its motion to quash and would show good cause as follows:

Courts in the Fifth Circuit consider a three-factor test to determine whether to allow a party's lawyer to be deposed: "(1) no other means exist to obtain the information, (2) the information sought is relevant and non-privileged, and (3) the information is crucial to the preparation of the case." *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, No. 3:14-CV-2498-B, 2016 WL 3033544, at *5 (N.D. Tex. May 26, 2016). While there is no express prohibition, courts in the Fifth Circuit have cautioned against deposing counsel.[1] "The federal courts, however, disfavor depositions of a party's attorney and allow them only in limited circumstances. In addition, a deponent need not answer a question in a deposition when necessary to 'preserve a privilege.'"[2] Here, application of the factors weighs against allowing the deposition of William Ramey. First, any information sought can be obtained from the parties to the litigation. Second, it appears Defendant is seeking privileged communications or communications William Ramey could not share absent client consent. Third,

---

[1] *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, No. 3:14-CV-2498-B, 2016 WL 3033544, at *5 (N.D. Tex. May 26, 2016)

[2] *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, No. 3:14-CV-2498-B, 2016 WL 3033544, at *5 (N.D. Tex. May 26, 2016).

2

no information obtained from William Ramey would be anymore helpful than information obtained from Plaintiff's representative.  Therefore, the Court should quash the deposition notice for William Ramey and issue a protective order to prevent further harassment.  For completeness, neither I, my firm, Ramey LLP, or any partner or employee of my firm owns or controls VernaIP, LLC, plaintiff in this matter, or its patents, including U.S. Patent Nos. 8,265,938; 10,282,960; 11,403,932; or, any application depending therefrom.[3] Neither William Ramey, or any partner or employee of Ramey LLP advises VernaIP on how to conduct its business.  William Ramey, and any other partner, and employee of Ramey LLP solely act as legal counsel, providing legal advice to VernaIP.[4]

Further, Alert is already deposing Luis Ortiz and Kermit Lopez from VernaIP.[5]  There is no reason to depose Ramey when Alert can obtain the information from Ortiz and Lopez.  Alert's deposition notice for William Ramey is solely meant to harass.

Respectfully Submitted

**Ramey LLP**
/s/William P. Ramey
William P. Ramey, III
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

*Attorneys for Verna IP, LLC*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have

---

[3] October 31, 2023 Declaration of William P. Ramey, III ("Ramey Decl.") at ¶3.
[4] Ramey Decl. at ¶4.
[55] A motion to quash the in-person deposition of Lopez and Ortiz is pending.  Doc. No. 67.  However, both Lopez and Ortiz have agreed to appear remotely.

appeared in this case are being served on this day of November 1, 2023, with a copy of the foregoing via e-mail.

                                                              <u>/s/ William P. Ramey, III</u>
                                                              William P. Ramey, III