# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **VERNA IP HOLDINGS, LLC,**<br><br>        Plaintiff,<br><br>        v.<br><br>**ALERT MEDIA, INC.,**<br><br>        Defendant. | C.A. No. 6:21-cv-00422-ADA<br><br>**JURY TRIAL DEMANDED** |

### ALERT MEDIA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO QUASH NOTICES OF DEPOSITION OF KERMIT LOPEZ AND LUIZ ORTIZ

Defendant Alert Media, Inc. ("Alert Media" or "Defendant") opposes Plaintiff's Motion to Quash Notices of Deposition of Kermit Lopez and Luiz Ortiz ("Motion"). The party seeking a protective order or to quash discovery bears the burden to demonstrate good cause and extraordinary circumstances. *See Bayview Loan Servicing, LLC v. Standard Guar. Ins. Co.*, No. SA-07-CA-394-XR, 2008 WL 11333992, at *1 (W.D. Tex. June 30, 2008). Verna has demonstrated no such good cause.

On August 22, 2023, this Court ordered Verna to pay $48,076.50 in attorneys' fees to Alert Media within 30 days. (Dkt. 63.) Verna has not complied with this order. Alert Media contacted counsel for Verna on September 25, 2023 and October 10, 2023 inquiring about compliance with the Court's order. (Ex. 1, Emails fr Brown to Ramey.) Alert Media received no response. On October 20, 2023 counsel for the parties were conferring regarding another case that Verna filed against Alert Media, and Alert Media again asked about the payment of attorneys' fees in this case. (Ex. 2, Emails fr Conrad to Ramey at 1-2.) Verna's counsel again refused to provide any information about Verna's failure to comply with the Court's order or when Verna intended to comply. Following this failure to comply and refusal to respond to Alert Media's inquires, Alert

1

Media served three Rule 30(b)(1) deposition notices on William Ramey (trial counsel for Verna), Kermit Lopez (managing agent of Verna), and Luis Ortiz (managing agent of Verna). The notices specified that the depositions would take place at Alert Media's counsel's office "1717 Main St., Ste. 5000, Dallas TX 75201." (Mot. at Ex. A, Deposition Notice of K. Lopez; Mot. at Ex. B, Deposition Notice of L. Ortiz.) These notices show a clear intent to conduct in-person depositions contrary to Verna's contention that the October 27, 2023 meet and confer was "when VernaIP learned for the first time that Alert required an in-person deposition." (Mot. at 2.)

Verna appears to only seek to quash in order to allow the parties to schedule a ***convenient time*** for a ***remote deposition***. (Mot. at 2.) Verna makes no request that this Court prevent Alert Media from taking these depositions, and only disputed the time and manner of the depositions. Alert Media is willing to work with Verna to schedule these depositions at a convenient time within a reasonable period for the deponents. However, Alert Media insists that these depositions occur in-person due to the nature of the information sought.

The Court should not grant a motion to quash denying Alert Media to take these depositions because Alert Media is entitled to post-judgment discovery to locate Verna's assets and to identify any non-parties that should be joined for payment of the § 285 fee award. *See SAP Am., Inc. v. InvestPic, LLC*, No. 3:16-CV-02689-K, 2021 WL 1102085 (N.D. Tex. Mar. 23, 2021) (relying on post-judgment discovery and explaining "[a]llowing a party to purposefully use a shell company to pursue patent infringement claims unacceptably circumvents that attorney fee provisions of § 285"); *see also Iris Connex, LLC v. Dell, Inc.*, 235 F.Supp.3d 826, 845-46 (E.D. Tex. 2017); *see also Ohio Cellular Prods. Corp. v. Adams USA, Inc.*, 175 F.3d 1343, 1349 (Fed. Cir. 1999) (reversed on independent due process grounds); *Machinery Corp. of America v. Gullfiber AB*, 774 F.2d 467, 475 (Fed. Cir. 1985).

In this case, Mr. Lopez and Mr. Ortiz are both managing agents of Verna. As the party requesting the deposition, Alert Media is entitled to set the location of these depositions. Fed. R. Civ. P. 30(b)(1) ("A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address."); *Lord v. Flanagan*, No. CV 13-26-BU-DLC-JCL, 2014 WL 51655 (D. Mont. Jan. 7, 2014) ("As a general rule, the examining party may set the place for the deposition of another party wherever he or she wishes subject to the power of the court to grant a protective order under Rule 26(c)(1)(B) designating a different place.") (internal quotation omitted); *see also Herrera v. Werner Enterprises, Inc.*, No. SA-14-CV-385-XR, 2015 WL 12910677, at *1 (W.D. Tex. Mar. 19, 2015). These depositions concern Verna's assets and the flow of money into and out of Verna, and whether any non-parties should be joined to this case. As such, it necessarily concerns the credibility of the deponents, and video depositions do not allow for the investigation of such credibility compared to in-person depositions. *See Greco v. Nat'l Football League*, No. 3:13-CV-1005-M-BK, 2017 WL 11679599, at *2 (N.D. Tex. Mar. 30, 2017) ("Courts have found live testimony far superior to video or telephone testimony and recognized that the ability to observe a party as he or she answer questions is an important aspect of discovery which the Court will not modify except in cases of extreme hardship.") (internal quotation omitted). Counsel for Alert Media explained this to counsel for Verna during the October 27, 2023 meet and confer.

As explained above, Alert Media was not able to meaningfully meet and confer before serving the deposition notices at issue because Verna has ignored Alert Media's communications regarding this case. Alert Media is willing to accommodate for witnesses' schedule and travel and adjust the date of these depositions—provided the new date is reasonable, and the depositions

remain in-person in Dallas to minimize any expenses to Alert Media (which it may not be able to recover from Verna due to its failure to pay).

For the foregoing reasons, Alert Media respectfully requests that the Court deny Plaintiff's Motion to Quash Notices of Deposition of Kermit Lopez and Luiz Ortiz.

Dated: November 6, 2023

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ David B. Conrad*
    Neil J. McNabnay
    mcnabnay@fr.com
    Texas Bar No. 24002583
    David B. Conrad
    conrad@fr.com
    Texas Bar No. 24049042
    Philip G. Brown
    pgbrown@fr.com
    Texas Bar No. 24132695

    1717 Main Street, Suite 5000
    Dallas, Texas 75201
    (214) 747-5070 (Telephone)
    (214) 747-2091 (Facsimile)

**ATTORNEYS FOR DEFENDANT
ALERT MEDIA, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing document has been served on November 6, 2023, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

                                      */s/ David B. Conrad*
                                      David B. Conrad