UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **VERNA IP HOLDINGS, LLC.,** ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:21-cv-00422-ADA |
| **v.** ) | |
| ) | |
| ) | |
| **ALERT MEDIA, INC.** ) | Jury Trial Demanded |
| Defendant. ) | |

## REPLY IN SUPPORT OF MOTION TO QUASH NOTICES OF DEPOSITION OF KERMIT LOPEZ AND LUIZ ORTIZ

Plaintiff VernaIP Holdings, LLC ("VernaIP") respectfully files this reply in support of its motion to quash the Notice of Depositions of Kermit Lopez[1] and Luiz Ortiz[2] served October 20, 2023, and would show good cause as follows:

1. Both Ortiz and Lopez agree to attend a deposition at a mutually agreeable time and place.

2. Both Ortiz and Lopez request that the deposition be taken remotely as they live out of state.[3]

The relief sought by Ortiz and Lopez is very reasonable. There is no need for an in-person deposition for debt collection. Counsel for VernaIP takes issue with Alert Media's representation that its communications were ignored. Quite to the contrary, counsel has been in contact with its client but had nothing to report back to Alert's counsel. Perhaps more importantly, counsel for both Plaintiff and Defendant have many cases together and are in near weekly communication. It belies belief that counsel for Alert would say that it could not communicate with counsel form VernaIP.

---

[1] Doc. No. 67-3.
[2] Doc. No. 67-4.
[3] Doc. No. 67-2 at ¶6.

2

Alert cites no case where a court has compelled a deponent to travel to an in-person deposition from out of state when it is not a party.[4]  Rather the cases cited by Alert specifically provide that "[g]enerally, leave to take depositions by remote electronic means should be granted liberally." *Greco v. Nat'l Football League*, No. 3:13-CV-1005-M-BK, 2017 WL 11679599, at *1 (N.D. Tex. Mar. 30, 2017).  The case goes on to provide that convenience to counsel is not a major factor, but convenience of the witness is.[5]  Here, both Ortiz and Lopes have presented evidence that travelling out of state is not convenient or necessary.[6]  Alert only provides argument that it would prefer to have the witness travel to its lawyers location.  While Alert makes passing reference to a Dallas location as being more convenient for it, no evidence is provided that any representative of Alert will attend the deposition and Alert is not the deponent.  Therefore, Alert's convenience should not be a factor for consideration.  Requiring an in-person deposition will simply unnecessarily raise the costs for all parties.

VernaIP respectfully requests the Court allow Lopez and Ortiz to be deposed remotely at a mutually convenient date and time.

Respectfully Submitted

**Ramey LLP**
/s/William P. Ramey
William P. Ramey, III
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

*Attorneys for Verna IP, LLC*

---

[4] Doc. No. 72, *generally*.
[5] *See id* at *1-2.
[6] Doc. No. 67-2 at ¶6.

3

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served on this day of November 8, 2023, with a copy of the foregoing via e-mail.

/s/ William P. Ramey, III
William P. Ramey, III